IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW ROMERO,

    Petitioner,

vs.                                                   No. CV 19-00467 MV/KBM

RICARDO MARTINEZ, WARDEN,

    Respondent.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua* sponte on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Andrew Romero. (Doc. 1). It appears from the face of the Petition that Petitioner's § 2254 claims are barred by the 1-year statute of limitations of 28 U.S.C. § 2244(d)(1). The Court will order Romero to show cause within 30 days why the Petition should not be dismissed as time-barred.

Petitioner Andrew Romero challenges the 27.5-year sentence imposed by the State of New Mexico, in Cause No. D-1314-CR-2004-00192. Petitioner was indicted by a Grand Jury on charges of Second Degree Murder, Aggravated Battery, and Tampering with Evidence on May 14, 2004. The Court has reviewed the official record in Romero's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA) and takes judicial notice of the official New Mexico court records in No. D-1314-CR-2004-00192. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district

1

courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201). On June 27, 2006, Petitioner pled guilty by a Plea and Disposition Agreement. Judgment was entered on Petitioner's conviction and sentence on September 12, 2006. (Doc. 1 at 1). Petitioner Romero filed a Notice of Appeal on September 27, 2006. The New Mexico Court of Appeals affirmed the conviction on February 17, 2009. When Romero did not seek review in the New Mexico Supreme Court, the Court of Appeals issued its Mandate on May 8, 2009. (Doc. 1 at 2).

A period of 299 days elapsed after the Court of Appeals Mandate. Petitioner then filed his first New Mexico state petition for writ of habeas corpus on March 3, 2010. (Doc. 1 at 3). The District Court denied the petition for writ of habeas corpus on August 12, 2014. The New Mexico Supreme Court denied a writ of certiorari to review the District Court's ruling on October 1, 2015. (Doc. 1-1 at 3). Romero then filed a series of successive motions, petitions, and letters, which the state court construed as habeas corpus petitions. The last letter petition was filed on December 11, 2017. The state district court dismissed the petition on August 22, 2018 and the New Mexico Supreme Court denied certiorari on October 29, 2018.

A total of 203 days passed before Romero filed his Petition in this Court on May 20, 2019. (Doc. 1). In his Petition, Romero challenges his sentence in New Mexico cause No. D-1314-CR 2004-00192 under 28 U.S.C. § 2254. (Doc. 1 at 1). He claims ineffective assistance of counsel, incompetency, coerced plea, and improper consecutive sentences. (Doc. 1 at 5-21).

Petitions for a writ of habeas corpus by a person in state custody under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") are governed by a one-year statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d)(1) states:

> "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides:
> "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. § 2244(d)(2). The 1-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. *See* 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. 28 U.S.C. § 2254(d)(1)(A).

This one-year statute of limitations is tolled when a state habeas corpus petition is filed. However, tolling occurs only when "a properly filed application for [s]tate post-conviction" relief is "pending." *See id.* § 2244(d)(2). A state habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *see also Holland v. Florida*, 560 U.S. 631, 635, 638, (2010). To determine the point at which a petitioner's state habeas proceedings become complete, the Court looks to the state's procedural rules. *See Wade v. Battle*,

3

379 F.3d 1254, 1260–62 (11th Cir. 2004). The 1-year statute of limitations clock begins to run again when the proceedings on the state habeas corpus petition are finally concluded. *Holland v. Florida*, 560 U.S. at 638 (state habeas corpus proceedings were concluded and statute of limitations clock began to tick when the State Supreme Court issued its mandate). A § 2254 petition filed after the 1-year period has expired is time-barred. 28 U.S.C. § 2244(d).

The 1-year statute of limitations may be subject to equitable tolling. Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr,* 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

All of the claims asserted by Petitioner Romero appear to have been available to him from the time the Judgment was entered on September 12, 2006. (Doc. 1 at 5-21). As a result, the limitation period of § 2244(d)(1)(A) appears to be the applicable period in this case. Applying § 2244(d)(1)(A), Petitioner Romero's conviction and sentence became final and the statute of limitations on Petitioner's federal habeas corpus claims began running no later than May 8, 2009 when the Mandate was issued by the New Mexico Court of Appeals. 28 U.S.C. § 2244(d)(1)(A).

A total of 299 days elapsed prior to Romero's first state habeas corpus petition on March 3, 2010. Romero's state post-conviction habeas corpus petitions and the state habeas proceedings tolled the running of the statute of limitations from March 3, 2010 until October 29, 2018. *Carey*

*v. Saffold*, 536 U.S. at 219–20; *Holland v. Florida*, 560 U.S. at 635, 638.[1] The statute then began running again when certiorari was denied on his final state habeas petition on October 29, 2018. At that time, he had 66 days remining of the one-year limitation period in which to file his federal Petition under §2254. However, a total of 203 days passed before Petitioner Romero filed his § 2254 Petition. Therefore, the one-year statute of limitations of § 2244(d) appears to have expired at least 137 days before he filed his Petition in this Court, and his claims under § 2254 are time-barred.

Absent equitable tolling, Petitioner's § 2254 claims seem to have been barred by the § 2244(d) statute of limitations well before his January 29, 2018 filing. *Miller v. Marr*, 141 F.3d at 977-78. Romero concedes that his Petition may be untimely. (Doc. 1 at 14, 28). However, he appears to argue that the Court should still permit him to proceed because he is ignorant of the law and suffers from mental health issues. (Doc. 1 at 14, 28). However, the record shows that he has been able to proceed *pro se* with multiple state habeas corpus filings, and claimed mental health issues and ignorance of the law generally do not afford a basis for equitable tolling. *See Hendricks v. Howard*, 284 F. App'x 590, 591 (10th Cir. 2008); *Canady v. Bryant*, 779 F. App'x 528, 530 (10th Cir. 2019).

Because it appears from the face of his Petition and the record that the Petition is, in fact, untimely, the Court will order Romero to show cause why the case should not be dismissed as

---

[1] There are additional periods of approximately 90 to 120 days between Romero's state habeas corpus filings, when the 1-year statute of limitations would have been running. *See Carey v. Saffold*, 536 U.S. 214, 219–20. However, to simplify the limitations analysis, and because the time periods preceding and following his state habeas corpus filings are sufficient to bar his Petition, the Court has not included those additional days in its calculations for purposes of this Order to Show Cause.

barred by the § 2244(d) statute of limitations.  If Petitioner fails to show cause within the time allowed, the Court may dismiss the Petition without further notice.

**IT IS ORDERED** that Petitioner Andrew Romero show cause within thirty (30) days of entry of this Order why the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) should not be dismissed as barred by the one-year statute of limitations of 28 U.S.C. § 2244(d).

_____
UNITED STATES MAGISTRATE JUDGE