IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW ROMERO,

      Petitioner,

vs.                                                                                          No. CV 19-00467 MV/KBM

RICARDO MARTINEZ, WARDEN,

      Respondent.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Andrew Romero. (Doc. 1). Because it appears from the face of the Petition that Petitioner's § 2254 claims are barred by the one-year statute of limitations of 28 U.S.C. § 2244(d)(1), the Court ordered Petitioner to show cause within 30 days as to why the Petition should not be dismissed as time-barred. Petitioner has failed to respond to the Court's Order or otherwise communicate with the Court. The Court thus will dismiss the Petition as barred by the applicable statute of limitations.

I.      Factual and Procedural Background

Petitioner challenges the 27.5-year sentence imposed by the State of New Mexico in Cause No. D-1314-CR-2004-00192 (the "State Case"). The Court has reviewed the official record in the State Case through the New Mexico Supreme Court's Secured Online Public Access ("SOPA"), which are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling,* 672 F. App'x 792, 794 (10th Cir. 2016) (habeas courts may take "judicial notice of the state-court docket

sheet to confirm the date that each [state] motion was filed").

On June 27, 2006, Petitioner pled guilty by a Plea and Disposition Agreement. Judgment was entered on Petitioner's conviction and sentence on September 12, 2006. (Doc. 1 at 1). Petitioner filed a Notice of Appeal on September 27, 2006. The New Mexico Court of Appeals affirmed the conviction on February 17, 2009. When Petitioner did not seek review in the New Mexico Supreme Court, the Court of Appeals issued its Mandate on May 8, 2009. (Doc. 1 at 2).

A period of 299 days elapsed after the Court of Appeals Mandate. Petitioner then filed his first New Mexico state petition for writ of habeas corpus on March 3, 2010. (Doc. 1 at 3). The New Mexico District Court denied the petition for writ of habeas corpus on August 12, 2014. The New Mexico Supreme Court denied a writ of certiorari to review the New Mexico District Court's ruling on October 1, 2015. (Doc. 1-1 at 3). Petitioner then filed a series of successive motions, petitions, and letters, which the state courts construed as habeas corpus petitions. The last letter petition was filed on December 11, 2017. The New Mexico District Court dismissed the petition on August 22, 2018 and the New Mexico Supreme Court denied certiorari on October 29, 2018.

A total of 203 days passed before Petitioner filed his Petition in this Court on May 20, 2019. (Doc. 1). In his Petition, under 28 U.S.C. § 2254, Petitioner challenges his sentence in the State Case. (Doc. 1 at 1). He claims ineffective assistance of counsel, incompetency, coerced plea, and improper consecutive sentences. (Doc. 1 at 5-21). On April 14, 2021, the Court entered an Order to Show Cause, notifying Petitioner that his claims appear to be barred by the applicable statute of limitations, and directing Petitioner to show cause within 30 days why his Petition should not be dismissed on that basis. (Doc. 10). More than 30 days has elapsed since entry of the Order to Show Cause; Petitioner has not responded or otherwise communicated with the Court.

II. <u>Discussion</u>

Section 2254 petitions generally must be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, Petitioner's conviction became final on May 8, 2009, when the New Mexico Court of Appeals issued its Mandate in the State Case. 28 U.S.C. § 2244(d)(1)(A). A total of 299 days elapsed prior to the filing of Petitioner's first state habeas corpus petition on March 3, 2010. Romero's state post-conviction habeas corpus petitions and the state habeas proceedings tolled the running of the statute of limitations from March 3, 2010 until October 29, 2018. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Holland v. Florida*, 560 U.S. 635, 638 (2010).[1] The statute

---

[1] There are additional periods of approximately 90 to 120 days between Romero's state habeas corpus filings, when the one-year statute of limitations would have been running. However, to simplify the limitations analysis, and because the time periods preceding and following his state habeas corpus filings are sufficient to bar his Petition, the Court has not included those additional days in its calculations for purposes of this Opinion.

then began running again when certiorari was denied on his final state habeas petition on October 29, 2018. At that time, Petitioner had 66 days remaining of the one-year limitation period in which to file a federal petition under §2254. However, a total of 203 days passed before Petitioner filed his § 2254 Petition. Therefore, the one-year statute of limitations of § 2244(d) expired at least 137 days before he filed his Petition in this Court and, absent equitable tolling, his claims under § 2254 are time-barred.

Although Petitioner concedes that his Petition may be untimely, Doc. 1 at 14, 28, he appears to argue that the Court nevertheless should permit him to proceed because he is ignorant of the law and suffers from mental health issues. (Doc. 1 at 14, 28). The Court is sympathetic to Petitioner's circumstances. Unfortunately, however, the Tenth Circuit is adamant that ignorance of the law cannot excuse an untimely habeas filing. *See Marsh v. Soares*, 223 F.3d 1217, 1229 (10th Cir. 2000) ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); *Taylor v. Wade*, 789 F. App'x 674, 677 (10th Cir. 2019) ("[N]either [petitioner's] misapprehension of the law nor his … claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition"); *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"); *Hickmon v. Mahaffey*, 28 F. App'x 856, 858 (10th Cir. 2001) (same). Moreover, Plaintiff has not been adjudicated incompetent, does not claim to have been institutionalized for mental incapacity, and as the record reflects, was able to proceed *pro se* with multiple state habeas corpus filings. Under these circumstances, equitable tolling is not warranted. *See Hendricks v. Howard*, 284 F. App'x 590, 591 (10th Cir. 2008) (upholding district court's determination that statute of limitations was not equitably tolled because of mental health issues, where petitioner had not been adjudicated

4

incompetent, did not claim to have been institutionalized for mental incapacity, and was able to pursue state court post-conviction relief shortly after the AEDPA limitations period ended); *Canady v. Bryant*, 779 F. App'x 528, 530 (10th Cir. 2019) (finding no basis for equitable tolling where petitioner asserted that state prison put him "on mind-altering drugs" and in "mental health solitary confinement," and did not give "mentally disabled or handicapped prisoners" like him access to the law library).  The Court therefore cannot apply equitable tolling in this case and must dismiss the Petition as barred by the § 2244(d) statute of limitations.

Also pending before the Court are the Prisoner's Motion for Request of Court Appointed Counsel (Doc. 7) and Prisoner's Motion for Evidentiary Hearing (Doc. 8).  Because the Court dismisses the Petition on statute of limitations grounds, these motions are moot.

**IT IS ORDERED:**

**(1)** the Prisoner's Motion for Request of Court Appointed Counsel (Doc. 7) and Prisoner's Motion for Evidentiary Hearing (Doc. 8) are **FOUND AS MOOT**; and

**(2)** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) filed by Petitioner Andrew Romero is **DISMISSED.**

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE